UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Jack Vaughn</u>

    v.                              Civil No. 05-cv-223-JD

<u>Bernice A. Ray Elementary</u>
<u>School, et al.</u>


O R D E R


Jack Vaughn, proceeding pro se, brought suit against the school where he worked as a teacher's aide, the superintendent, the principal, and the assistant principal, alleging that he was subjected to discrimination based on his gender, that he was terminated in violation of the applicable collective bargaining agreement, and that he was defamed.  The defendants move to dismiss, contending that Vaughn failed to file his discrimination claim, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, et seq., within the time allowed and failed to exhaust administrative remedies with respect to that claim, that the court lacks jurisdiction to hear his collective bargaining agreement claim, and that the court should decline supplemental jurisdiction as to the defamation claim.  Vaughn filed an objection to the motion to dismiss and a motion to amend his objection.  The defendants filed a reply.

Standard of Review

In considering a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Citibank v. Grupo Cupey, Inc., 382 F.3d 29, 31 (1st Cir. 2004). The court must determine whether the complaint, construed in the proper light, "alleges facts sufficient to make out a cognizable claim." Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002). All that is required is a short and plain statement of the claim. See Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 473 (1st Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

The defendants submitted materials that are extrinsic to the complaint without addressing the question of whether the court may consider those materials in the context of a Rule 12(b)(6) motion. See Fed. R. Civ. P. 12(c); Rubert-Torres v. Hosp. San Pablo, Inc., 205 F.3d 472, 475 (1st Cir. 2000). Vaughn responded by including extrinsic materials with his objection. Because the extrinsic materials are not necessary to resolve the issues raised in the motion to dismiss, the motion will not be converted to one for summary judgment.

Discussion

Although Vaughn did not label his causes of action in the complaint, he appears to intend to bring a Title VII claim for gender discrimination, a claim that the defendants breached the collective bargaining agreement, and a defamation claim. If those are not the claims he intended to assert, he may file an amended complaint or move to amend his complaint as allowed under Federal Rule of Civil Procedure 15. The issues raised in the defendants' motion to dismiss are resolved as follows.

A.  Title VII

"Title VII requires, as a predicate to a civil action, that the complainant first file an administrative charge with the EEOC within a specified and relatively short time period . . . and that the lawsuit be brought within an even shorter period (90 days) after notice that the administrative charge is dismissed or after the agency instead issues a right-to-sue letter . . . ." Clockedile v. N.H. Dep't of Corrections, 245 F.3d 1, 3 (1st Cir. 2001).  "[T]his is basically an exhaustion requirement coupled with a short statute of limitations . . . ."  Id. at 3-4.

1.  Timeliness.

An action is commenced for purposes of a federal limitations period when the complaint is filed with the court.  Fed. R. Civ. P. 3; McIntosh v. Antonino, 71 F.3d 29, 36 (1st Cir. 1995).  The parties agree that the EEOC issued its right to sue letter on March 21, 2005, and that Vaughn had until June 20, 2005, to bring suit.  Vaughn filed his complaint on June 20, 2005.  The defendants, who are represented by counsel, argue that the suit is untimely based on the date of the summons, which they represent was September 20, 2005.  That argument is meritless.

2.  Exhaustion.

The defendants concede that Vaughn exhausted the administrative remedies required by Title VII but argue that he was also required to exhaust the remedies provided by the collective bargaining agreement before filing his Title VII action.  Again, the defendants are mistaken.[1]  The contractural rights and procedures provided under a collective bargaining agreement are independent from rights and procedures under Title

---

[1] The defendants rely on the rule that generally, before an employee may file a federal suit to enforce contractual rights, he must first attempt to exhaust the remedies provided in the contract.  See Rep. Steel Corp. v. Maddox, 379 U.S. 650, 652–53 (1965).

4

VII, so that administrative procedures under such an agreement have no effect on a Title VII claim.  <u>Int'l Union of Elec., Radio, & Mach. Workers v. Robbins & Myers, Inc.</u>, 429 U.S. 229, 236 (1976); <u>Alexander v. Gardner-Denver Co.</u>, 415 U.S. 36, 47-48 (1974); <u>Morales-Vallellanes v. Potter</u>, 339 F.3d 9, 15 (1st Cir. 2003).

B.  <u>Collective Bargaining Agreement Claim</u>

   To the extent Vaughn alleges that the defendants breached the collective bargaining agreement, that claim is governed by New Hampshire Revised Statutes Annotated (RSA) 273-A:5.  The public employees labor relations board has jurisdiction over such claims.  <u>See</u> RSA 273-A:6, I; <u>Sch. Dist. #42, Nashua v. Murray</u>, 128 N.H. 417, 419-20 (1986).  If he intended to allege a wrongful termination claim that is entirely unrelated to the collective bargaining agreement, that claim is not sufficiently stated in the complaint to support such a cause of action.

C.  <u>Supplemental Jurisdiction</u>

   Because the Title VII claim is not dismissed, the defendants have not shown that grounds exists to decline supplemental jurisdiction.

Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 11) is granted as to the plaintiff's claim of breach of the collective bargaining agreement and is otherwise denied.  The plaintiff's motion to amend his objection (document no. 20) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 9, 2006

cc: Jack Vaughan, pro se
    Debra Weiss Ford, Esquire