UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Jack Vaughan

    v.                               Civil No. 05-cv-223-JD

Bernice A. Ray
Elementary School, et al.


O R D E R

Jack Vaughan, proceeding pro se, brought a federal claim under Title VII of the Civil Rights Act, alleging gender discrimination, and a state law defamation claim against his former employer, Bernice A. Ray Elementary School, the superintendent of schools, the principal, and the assistant principal. Vaughan filed a motion to compel further answers to interrogatories and production of documents, and the defendants objected. The magistrate judge granted the motion in part and denied it in part. Vaughan now objects to the magistrate's rulings, and the defendants have filed a response to the objection.

Any objection to an order issued by a magistrate judge on a nondispositive matter, such as a discovery dispute, must be filed within ten days of the date of the order. Fed. R. Civ. P. 72(a). "[A] party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."

Id.  A magistrate judge's order will be modified and set aside only if it is shown to be "clearly erroneous or contrary to law." Id.

The magistrate judge issued the order on Vaughan's motion to compel on June 19, 2007.  Vaughan filed his objection on July 10, 2007.  Under the local rules of this district, an opponent may file a response to an objection within ten days.  LR 72.2. Applying Federal Rule of Civil Procedure 6(a), Vaughan's objection was filed fourteen days after the order issued.  Under Federal Rule of Civil Procedure 6(e), three days are added to the allowed period when service is required under Federal Rule of Civil Procedure 5(b)(2)(B),(C), or (D).  Therefore, the deadline for Vaughan to file his objection was July 9, and the objection was filed a day late.

 Despite the untimely filing, the court has reviewed Vaughan's objections to the magistrate's rulings on his motion to compel.  Although Vaughan disagrees with the outcome, he falls far short of showing either that the rulings were clearly erroneous or contrary to law.  The magistrate judge was unable to find one of the interrogatories and answers raised by Vaughan in his motion to compel, interrogatory 8 and Principal Williams's answer.  The court has located the interrogatory and the answer, pertaining to a statement about "innocuous activities," and

concludes that the answer is responsive.  To the extent documents provided to Vaughan are illegible, it is his obligation to ask the defendants to provide legible copies.

The magistrate judge granted Vaughan's request for production of videos taken of the Spring Mini Recital in 2003 and the Volunteers' Appreciation Luncheon, by allowing Vaughan to view the videos at defendants' counsel's office and ordering that the videos would be preserved for trial if they were deemed to be admissible evidence.  Vaughan objects to that ruling on the ground that based on the defendants' response, the videos may no longer exist.  He now wants to see videos of other events.  It does not appear, however, that Vaughan has attempted to see the videos under the terms allowed by the magistrate or that he has requested to see any other videos and was refused.  Under these circumstances, the magistrate's judge's ruling is neither clearly erroneous nor contrary to law.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's objection to the magistrate judge's order (document no. 47) was untimely filed. Even if reviewed on its merits, however, the plaintiff's objection fails to show that the magistrate's rulings were clearly erroneous or contrary to law.

SO ORDERED.

*signature*
Joseph A. DiClerico, Jr.
United States District Judge

September 11, 2007

cc:   Nancy Ellen Boudreau, Esquire
      Debra Weiss Ford, Esquire
      Jack Vaughan, pro se